UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

| Case No. | CV 12-4691 DSF (AGRx) | Date | 06/28/12 |
|---|---|---|---|
| Title | Sonya Sophia Fuentes v. Zale Delaware, Inc. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order of Remand for Lack of Subject Matter Jurisdiction.

On May 29, 2012, Defendant removed this action from the Superior Court of the State of California, County of Los Angeles.

Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

Defendant asserts federal subject matter jurisdiction under 28 U.S.C. § 1332, also known as diversity jurisdiction.  (Notice of Removal ¶ 4.)  Federal courts have diversity jurisdiction over all civil actions in which (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity of citizenship between the opposing parties.  28 U.S.C. § 1332(a).  "[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy [is met]."  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

In this matter, Defendant fails to show that the amount in controversy requirement is satisfied, as he fails to show that it is "more likely than not" that the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

controversy exceeds the jurisdictional minimum.  Id.  Plaintiff was fired from her job as a jewelry consultant.  (Compl. ¶¶ 6-7, 14.)  The Complaint does not allege a specific amount of damages.  Plaintiff claims damages for lost wages and for emotional distress, as well as attorney's fees.  According to the Defendant, it is "almost certain" that the value of Plaintiff's claim exceeds $75,000 dollars because Plaintiff's previous annual salary was $14,000. (Notice of Removal ¶ 7.)  Plaintiff was fired in August 2011 – less than one year ago.  (Compl. ¶ 14.)  Thus, presumably, the amount of lost wages alone is nowhere near $75,000.  Defendant makes no attempt to provide evidence that emotional distress damages or attorneys' fees in similar cases exceeds $75,000.  The conclusory statement that the claim is "almost certain" to meet the jurisdictional minimum is insufficient to establish jurisdiction by a preponderance of the evidence.  See Gaus v. Miles, Inc., 980 F.2d 564, 567 (1992) (stating that a "mere averment" is insufficient).

Because Defendant has failed to show that the amount in controversy requirement is satisfied, Defendant has failed to establish the existence of subject matter jurisdiction.  The action is remanded to the state court.

IT IS SO ORDERED.